UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT G. ARCE, JR., an individual, and MEGAN J. ARCE, an individual,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>FIRST RATE PROPERTY MANAGEMENT, INC., MELISSA SHARONE, an individual, and MEI CHU HUANG, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | Case No. 1:22-cv-343-BLW-DKG<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

Before the Court is Defendants First Rate Property Management, Inc. and Melissa Sharone's Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. 5), and Defendant Mei Chu Huang's joinder in such motion (Dkt. 8). Plaintiffs Robert G. Arce, Jr. and Megan J. Arce did not file an opposition to Defendants' Motion. The Motion is now ripe for the Court's

**REPORT AND RECOMMENDATION - 1**

consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record, and that the decisional process would not be significantly aided by oral argument. Accordingly, the Motion will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d). The Court makes the following report and recommendation.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Robert G. Arce, Jr. and Megan J. Arce ("Plaintiffs") filed this action alleging claims for breach of lease, breach of contract, breach of warranty, negligence, fraud and business interference arising out of their lease of real property located at 4831 E. Arrow Junction Drive, Boise, Idaho, from Defendants First Rate Mortgage Management, Inc., Melissa Sharone, and Mei Chu Huang ("Defendants"). (Dkt. 1). The Complaint alleges that Plaintiffs and each of the Defendants are citizens of Idaho, (Dkt. 1 ¶¶ 4-8), and asserts federal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a), (Dkt. 1 ¶ 1).

On September 7, 2022, Defendants First Rate Property Management, Inc. and Melissa Sharone filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that Plaintiffs' Complaint alleges that all parties are citizens of Idaho and that Plaintiff has alleged no federal question or other basis for this court's jurisdiction. (Dkt. 5-1). Defendant Mei Chu Huang filed a Joinder in the Motion on September 8, 2022. (Dkt. 8). The time set for Plaintiffs to respond to the Motion was September 28, 2022, but no response was or has been filed by Plaintiffs to date.

**REPORT AND RECOMMENDATION - 2**

## STANDARD OF LAW

A defendant may challenge a court's subject matter jurisdiction under Rule 12(b)(1). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

A challenge to a court's subject matter jurisdiction may be "facial" or "factual." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2002). In a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). By contrast, "in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In deciding a facial Rule 12(b)(1) motion, the court must assume the allegations in the complaint are true and draw all reasonable inferences in the plaintiff's favor. *Wolfe*, 392 F.3d at 362.

"In general, dismissal for lack of subject matter jurisdiction is without prejudice," *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citations omitted), "so that a plaintiff may reassert his claims in a competent court," *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (internal quotation marks and citations omitted); *see also Minichino v. Davis*, No. CV 12-00680 JMS-BMK, 2013 WL 12213846, at *1 (D. Haw. Jan. 16, 2013) (finding that the court lacked subject matter jurisdiction under 28 U.S.C. § 1332 where complete diversity of citizenship was lacking

**REPORT AND RECOMMENDATION - 3**

and dismissing the action "without prejudice to Plaintiffs refiling the action, if appropriate, in state court").

## DISCUSSION

Here, Plaintiffs' Complaint asserts subject matter jurisdiction based on diversity—as it must, since the Complaint contains only state law claims. (Dkt. 1).

Under 28 U.S.C. § 1332(a), a party may invoke federal jurisdiction in a civil action where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig., LLC*, 840 F.3d 605, 613-14 (9th Cir. 2016) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

Defendants bring a facial challenge to the Complaint, asserting that it fails to allege facts sufficient to support diversity jurisdiction because all parties are alleged to be citizens of the same state. (Dkt. 5-1). Indeed, the Complaint alleges that all parties are citizens of Idaho. (Dkt. 1 ¶¶ 4-8). Assuming these facts to be true, as it must, the Court finds that complete diversity of citizenship is lacking. Accordingly, the Court will recommend that Defendants' Motion be granted, and Plaintiffs' Complaint be dismissed without prejudice to permit Plaintiffs to refile their claims in a court of competent jurisdiction.

**REPORT AND RECOMMENDATION - 4**

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED that:**

1) Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkts. 5, 8) be **GRANTED**.

2) Plaintiffs' Complaint be **DISMISSED WITHOUT PREJUDICE** to permit Plaintiffs to file their claims in a court of competent jurisdiction.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: January 5, 2023

_____
Honorable Debora K. Grasham
United States Magistrate Judge

**REPORT AND RECOMMENDATION - 5**